Brenda Lee SANDERS *v.* Burling SANDERS and Patricia Sanders

88-303                                                        764 S.W.2d 443

Supreme Court of Arkansas
Opinion delivered February 13, 1989
[Rehearing denied March 13, 1989.]

622

The Sutterfield Law Firm, P.A.,* by: *Dennis C. Sutterfield,* for appellant.

*Carney & Cooper Law Firm,* by: *Mark F. Cooper,* for appellee.

TOM GLAZE, Justice. This case involves grandparents' petition for visitation rights with their five-year-old granddaughter, who is in legal and physical custody of her mother, the grandparents' former daughter-in-law. The appellees-grandparents, who are residents of Izard County, filed their petition in Baxter County, where the appellant-mother resided. Appellant moved to dismiss the appellees' petition, contending the Baxter County Chancery Court did not have venue because the Pope County Chancery Court, which granted her a divorce and awarded her custody of her daughter, had retained jurisdiction of matters involving custody and visitation. The chancellor denied appellant's motion, finding the appellees were not required to file their petition in the Pope County Chancery Court that decided the divorce action between the appellant and her former husband (appellees' son). In addition, the Baxter County chancellor held that, under Ark. Code Ann. § 9-13-103 (Supp. 1987), appellees were entitled to bring their own separate action to obtain

visitation rights with their granddaughter and that, pursuant to Ark. Code Ann. § 16-60-116 (1987), venue for such action was in Baxter County, since she resided in that county when this action was filed. We agree.

█ Appellant argues that because the Pope County Chancery Court previously had entered its decree, awarding appellant the custody of her daughter, venue was thereby established in that court for any subsequent enforcement or related purposes regarding custody or visitation. In this connection, Ark. Code Ann. § 9-12-320 (1987) allows the chancery court that originally heard and decided a divorce proceeding to transfer venue to the court of a new chancery district only when both parties to the divorce proceeding consent to such a change and the new chancery court agrees to accept the case. However, venue, under that statute, refers only to those subsequent proceedings involving the two divorced parties and fails to embrace actions filed by third parties such as grandparents.

Here, the appellees sought visitation of their granddaughter pursuant to Ark. Code Ann. § 9-13-103 (Supp. 1987), which in pertinent part provides:

> (a)(1) Upon petition by a person properly before it, the chancery court of this state may grant grandparents . . . reasonable visitation rights with respect to their grandchild . . . at any time, if the marital relationship between the parents of the child has been severed by death, divorce or legal separation.

> (2) The visitation rights may only be granted when the court determines that such an order would be in the best interests and welfare of the minor.

> * * *

> (c) The provisions of subsections (a) and (b) of this section shall only be applicable in situations in which there is a severed marital relationship between the parents of the natural or adoptive children by either death, divorce, or legal separation.

Under the language of § 9-13-103(a)(1) and (c), grandparents are afforded the separate right to file for visitation rights with

their grandchildren in situations where the child's parents are divorced, legally separated or when a parent has died.[1] Section 9-13-103 contains no restrictive language that would require grandparents to file their visitation action in a divorce action filed previously by the child's parents. In fact, § 9-12-320, the venue statute concerning subsequent proceedings in divorce actions, would be wholly inapplicable where the grandparents' action is precipitated because their son or daughter died and the surviving, but not divorced, parent denied them access to their grandchild.

In the instant case, neither of the child's parents resided in Pope County when the grandparents filed this action and apparently the child's father has asserted no interest in exercising or enforcing his visitation rights. Under these circumstances, the Baxter County Chancery Court clearly had venue of the grandparents' action pursuant to Ark. Code Ann. § 16-60-116 (1987) which allowed the action to be brought where the appellant was residing. Therefore, we affirm.

In conclusion, we note that the appellant and her daughter had been residing in Baxter County for one year when this action was commenced, and we are confident that the best interests of the child were considered and evaluated by the Baxter County chancellor. Nonetheless, we can easily envision a potential conflict when two chancery district courts have concurrent venue concerning separate visitation actions involving the same child or children. The General Assembly certainly may wish to address this potential area of concern so as to avoid the inevitable conflicts or problems that are sure to surface in this sensitive area of the law.

---

[1] We note that another statute, Ark. Code Ann. § 9-13-102 (1987), took effect in 1981 and permits an adult or minor child to petition for visitation with his or her brother or sister when the parents have denied such access.